UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| PAMELA GREMILLION<br>    and GARRET GREMILLION | CIVIL ACTION |
| VERSUS | NO. 14-2987 |
| LOCKHEED MARTIN CORPORATION<br>    GROUP BENEFITS PLAN, LOCKHEED<br>    MARTIN CORPORATION, AETNA<br>    LIFE INSURANCE COMPANY, FORREST<br>    GENERAL HEALTH SERVICES, INC.,<br>    D/B/A FORREST GENERAL HOSPITAL<br>    and PINE GROVE BEHAVIORAL HEALTH<br>    AND ADDICTIVE SERVICES | SECTION "N" (2) |

## ORDER AND REASONS

Presently before the Court is Defendant Forrest General's Rule 12(b) Motion to Dismiss for Lack of Personal Jurisdiction, or in the Alternative, for Improper Venue. On the showing made, **IT IS ORDERED** that the motion is **GRANTED** as to Improper Venue. As a result, Plaintiffs' claims against Forrest General ("Defendant") are **DISMISSED** pursuant to 28 U.S.C. § 1406(a).

## LAW AND ANALYSIS

Defendant Forrest General, alone, moves to dismiss Plaintiffs' claims against it arguing that the Court lacks personal jurisdiction over it because it is a non-resident defendant and its actions (and alleged failures to act) at issue in this case occurred solely in Hattiesburg, Mississippi. Defendant, alternatively, contends that venue is improper pursuant to 28 U.S.C. § 1391(b) because it is not a resident of Louisiana, the substantial events giving rise to Plaintiff's claim "took place entirely" in Hattiesburg, Mississippi, and there is another district where the action could otherwise be brought, the Southern District of Mississippi. Defendants Lockheed Martin and Aetna have not

1

contested jurisdiction or venue.

In response, Plaintiffs argue that personal jurisdiction exists over Defendant based on "telephonic communications" between Plaintiffs and Defendant while Plaintiffs were located in Louisiana. Plaintiffs also contend that personal jurisdiction exists over Defendant because Defendant directed business activity - a speaking engagement that occurred in New Orleans, Louisiana - toward Louisiana. Additionally, Plaintiffs reject Defendant's contention that venue is improper and argue: (1) the doctrine of "pendant venue" applies to this case; (2) there is no other district in which this action may otherwise be brought; and (3) because the Court has jurisdiction over Defendant based on Defendant's minimum contacts with the forum, venue is proper pursuant to 28 U.S.C. § 1391(b)(3).

## I.     Improper Venue

To be considered a proper venue, Plaintiff must show that federal venue laws are satisfied. *Atl. Marine Const. Co. v. U.S. Dist. Court of W. Dist. of Texas*, 134 S.Ct. 568, 578 (2014). According to 28 U.S.C. § 1391(b), venue is proper in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

When venue is challenged by a defendant and the case does not fall in one of the three categories set out in § 1391(b), the case must be dismissed or transferred under 28 U.S.C. § 1406(a). *Miller Masonry, Inc. v. EMB Quality Masonry, Inc.*, No. 13-6737, 2014 WL 5340747 at *2 (E.D. La. Oct.

20, 2014) (citing *Atl. Marine Const. Co.*, 134 US at 577). In instances where venue is improper, 28 U.S.C. § 1406 provides "cures" for the defect. According to § 1406(a), "the district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to an division in which it could have been brought."

The Court finds that this case does not fall in one of the three categories set out in §1391(b). Under § 1391(b)(1), venue in this case is improper in the Eastern District of Louisiana because Forrest General is not a resident of Louisiana. Similarly, under §1391(b)(2), venue in this case is improper because a substantial part of the events and omissions giving rise to Plaintiffs' claims against Forrest General did not occur in the Eastern District of Louisiana. In this case, the substantial events and omissions are: (1) Defendant's alleged failure to fully/adequately document and/or produce or convey the medical records; (2) Defendant's alleged failure to respond to requests by Lockheed Martin and/or Aetna for information; and (3) Defendant's alleged breach of contract caused by overcharging Plaintiffs for services. The Court determines, based on the showing made, that these actions or omissions by Forrest General occurred entirely in Mississippi and not in this district. Finally, under § 1391(b)(3), venue in this case is improper in the Eastern District of Louisiana because Plaintiffs have not sufficiently demonstrated that this action could not have been brought elsewhere *See* Rec. Doc. 26 at 6.

Furthermore, the Court declines to apply the doctrine of pendent venue to Plaintiffs' claims against Defendant. The doctrine of pendent venue allows a court to hear an improperly venued claim if it is joined in a suit with a claim that is properly venued, and the claims arise out of a common nucleus of operative fact. *Murungi v. Touro Infirmary*, No. 11-cv-0411, 2011 WL 3206859 at *4 (W.D. La. June 29, 2011). Application of the pendent venue doctrine is a discretionary decision of

the Court, and courts in the Fifth Circuit typically reject opportunities to apply it. *Seamon v. Upham*, 563 F.Supp. 396, 399 (E.D. Tex.1983). In exercising its discretion, the Court declines Plaintiffs' request to apply the doctrine of pendent venue in this case.

Following its determination that venue is improper, the Court must dismiss or transfer the case under 28 U.S.C. § 1406(a). Plaintiffs request that, if venue is improper, the Court transfer their claims against Forrest General to the State of Mississippi 12th Circuit Court District. *See* Rec. Doc. 18 at 10. However, Plaintiffs have not demonstrated, nor has the Court found, any authority permitting a federal court to transfer a claim *originally* filed in federal court to a state court. Because the Court lacks the authority to transfer Plaintiffs' claim to a state court, **IT IS ORDERED** that Plaintiffs' request for transfer is **DENIED** and Plaintiffs' claims against Defendant Forrest General are **DISMISSED WITHOUT PREJUDICE**. Defendants Lockheed Martin and Aetna have not challenged jurisdiction or venue; therefore, Plaintiffs' claims against those entities shall remain before this Court.

**II.    Personal Jurisdiction**

Considering the above findings, the Court declines to rule on the issue of personal jurisdiction at this time. Furthermore, at this time and based on the showings made, **IT IS ORDERED** that Plaintiffs' request for jurisdictional discovery is **DENIED** as moot.

New Orleans, Louisiana this 22nd day June 2015.

**KURT D. ENGELHARDT**
**United States District Judge**